

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

OFFICE OF THE  
GENERAL COUNSEL

John R. Rady
202-551-4997
radyjo@sec.gov

March 15, 2024

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re: *Liberty Energy, Inc. et al. v. SEC* (No. 24-60109)

Dear Mr. Cayce:

Petitioners' Rule 28(j) letter provides no support for the extraordinary and procedurally improper relief they seek. The views of a single Commissioner cited in the press article that petitioners submit do not represent the Commission's views and are not a "pertinent and significant authorit[y]." Fed. R. App. P. 28(j).

Moreover, as the Commission showed in its stay response, petitioners need not incur any costs or do anything by tomorrow—the date by which petitioners seek relief. *See* Opp. 6–7, 21–22. Nothing in the article petitioners cite shows otherwise.

Petitioners cite the press article to support the argument that *companies* may incur compliance costs prior to being required to make disclosures, but that assertion does not demonstrate that *petitioners* will suffer imminent, irreparable harm. Liberty Energy—the sole petitioner seeking relief that is a publicly traded company—already publicly discloses certain climate-related risks, Form 10-K, 5–9, 16–17 (filed Feb. 9, 2024)[1] (as do many public companies, *see* Final Rules 11 (90% of issuers on the Russell 1000 disclose climate-related information)). Against that backdrop, more than a single Commissioner's statement is needed to establish irreparable harm justifying a stay. Nor does Liberty Energy's assertion

---

[1] https://www.sec.gov/ixviewer/ix.html?doc=/Archives/edgar/data/1694028/000169402824000006/lbrt-20231231.htm#ieb55d73eb8aa4e25a45951d6d9948a5e_16.

1

that both it and Nomad will suffer compliance costs as a result of a vague equity investment in Nomad suffice. Liberty Energy's most recent annual report does not mention Nomad at all, and Nomad is not listed as one of Liberty Energy's significant subsidiaries. Form 10-K, Ex. 21.1 (filed Feb. 9, 2024).[2] At a bare minimum, none of these claimed harms are imminent.

                                                 Respectfully submitted,

                                                 /s/ John R. Rady
                                                 John R. Rady
                                                 *Counsel for Respondent*
                                                 *Securities and Exchange Commission*

cc:    All Counsel Via CM/ECF

---

[2] https://www.sec.gov/Archives/edgar/data/1694028/000169402824000006/a21_1listofsubsidiaries2023.htm.